IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BILLY GRAHAM, JR.,

v.  Civil Case No. JKB-17-1961

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). Plaintiff Billy Graham, Jr. filed this appeal of the denial of his claims for disability benefits by the Social Security Administration ("SSA"). The SSA has filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that Mr. Graham failed to exhaust his administrative remedies prior to filing his complaint. [ECF No. 10]. Despite receiving a Rule 12/56 letter advising him of the potential consequences of a failure to oppose the Commissioner's Motion, (ECF No. 11), Plaintiff has not filed a response. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated below, I recommend that the SSA's Motion to Dismiss be granted.

**I.      Facts**

On December 11, 2014 and February 10, 2015, Mr. Graham protectively filed for disability benefits with the SSA. [ECF No. 10-2, ¶ 3a]. His claims were denied initially and on reconsideration. *Id.* An Administrative Law Judge ("ALJ") held a hearing on November 22,

2016, and issued an unfavorable decision on December 20, 2016. [ECF No. 10-2, ¶ 3b]. The accompanying "Notice of Decision" informed Mr. Graham that an appeal had to be filed with the Appeals Council within 60 days of the notice (plus a 5 day grace period for mailing). [ECF No. 10-2, Exh. 9]. Mr. Graham's appeal therefore had to be filed on or before February 23, 2017. Mr. Graham instead filed his request for review on March 6, 2017. [ECF No. 10-2, Exh. 10]. The Appeals Council sent Mr. Graham a letter notifying him of the late filing, and inviting him to explain why the request had been filed untimely. [ECF No. 10-2, Exh. 11]. Mr. Graham did not respond, and the Appeals Council dismissed the untimely request on June 22, 2017. [ECF No. 10-2, Exh. 12].

## II. Standard of Review

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

**III. Discussion**

The SSA contends that this Court does not have jurisdiction over Mr. Graham's claim because he failed to exhaust administrative remedies and is not appealing from a "final decision." *See* Def. Mot. Dismiss. Under sections 205(g) and (h) of the Social Security Act, an individual may only obtain judicial review of the Commissioner's "final decision" after he has exhausted all administrative remedies. 42 U.S.C. §§ 405(g)-(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to federal and state agencies to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). With respect to Social Security cases, the Commissioner has set forth administrative procedures which must be exhausted to achieve a final decision. *See* 20 C.F.R. §§ 404.900-404.906, 416.1400-404.1499. The final step in that process is Appeals Council review. *See* 20 C.F.R. §§ 404.967-404.983, 416.1444-416.1465; *see also Bowen v. Yuckert,* 482 U.S. 137, 142 (1987) (outlining three-step process for exhausting administrative remedies, in which the third step is to "seek review by the Appeals Council").

Because Mr. Graham's untimely request for review precluded the Appeals Council from addressing the case on the merits, binding precedent requires that Mr. Graham's appeal be dismissed. The Fourth Circuit has expressly determined that a claimant's administrative remedies were not exhausted where she belatedly filed a request for review by the Appeals Council, and the Appeals Council therefore declined to review her claim. *See Adams v. Heckler,* 799 F.2d 131, 133 (4th Cir. 1986) ("We therefore affirm the district court's conclusion that no final decision by the Secretary has been presented by the facts herein and thus no jurisdiction for judicial review of the merits of Adams' disability claim exists."). This case stands in precisely the same procedural posture as *Adams.* Thus, in the absence of a timely request for review by

the Appeals Council, administrative remedies have not been exhausted, and this Court lacks jurisdiction to determine Mr. Graham's appeal.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion to Dismiss, (ECF No. 10); and

2. the Court CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: October 25, 2017

/s/
Stephanie A. Gallagher
United States Magistrate Judge